**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Alan Glenn, | ) | C.A. No. 2:23-cv-02964-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **DEFENDANT'S RESPONSES TO LOCAL** |
| v. | ) | **CIVIL RULE 26.03 INTERROGATORIES** |
| | ) | |
| Teachers Insurance Annuity Association | ) | |
| of America TIAA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Local Civil Rule 26.03, DSC, Defendant Teachers Insurance and Annuity Association of America TIAA ("TIAA" or "Defendant"), hereby responds as follows:

**1.    Short statement of the facts of the case.**

Defendant hired Plaintiff Alan Glenn ("Glenn" or "Plaintiff") as a Senior Financial Consultant on or around January 2, 2020.

In March 2020, due to the onset of the COVID-19 pandemic, Defendant began to require its employees work remotely. On or around November 15, 2021, Defendant implemented a COVID-19 Vaccine Policy in response to the ongoing COVID-19 pandemic, and as part of a return-to-office directive. Defendant's COVID-19 Vaccine Policy required all employees to obtain vaccination against COVID-19 unless otherwise eligible for a medical or religious exemption.

On or around January 17, 2022, Plaintiff made a request for a religious exemption from Defendant's COVID-19 Vaccine Policy. After careful review and assessment, Defendant denied Plaintiff's request due to substantial evidence demonstrating that Plaintiff was seeking exemption for secular reasons. As Plaintiff was found ineligible for a religious exemption based on information he provided (as well as information he refused to provide upon request), Defendant advised Plaintiff that he had until March 1, 2022 to comply with Defendant's COVID-19 Vaccine Policy in order to maintain his employment with Defendant. Although the deadline to become

vaccinated against COVID-19 remained the same, Plaintiff's termination date was later extended to June 15, 2022 so as to minimize any potential business impact associated with Plaintiff's termination. Plaintiff ultimately chose to not comply with Defendant's COVID-19 Vaccine Policy after Defendant informed him that his employment was subject to termination.

On or around May 12, 2022, after Defendant informed Plaintiff that his employment was subject to termination due to his non-compliance with the COVID-19 Vaccine Policy, and after the March 1, 2022 deadline by which to comply with Defendant's COVID-19 Vaccine Policy had passed, Plaintiff made a request for medical accommodation for alleged double vision. Plaintiff requested that he be allowed to continue to work from home. Plaintiff's medical accommodation request did not seek exemption from Defendant's COVID-19 Vaccine Policy. Defendant informed Plaintiff that it would grant his requested accommodation until his pre-determined termination date, which Plaintiff had previously received notice of. Defendant granted Plaintiff's request to work from home until June 15, 2022, when his termination became effective.

Defendant denies the allegations contained in Plaintiff's Amended Complaint. Defendant affirmatively states that Plaintiff was never subjected to a hostile work environment, nor was his employment terminated due to his age, alleged religious beliefs, alleged disability, or complaints of alleged unlawful conduct. Plaintiff's employment was terminated for legitimate, non-discriminatory and non-retaliatory reasons.

2.    **Names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Defendant reserves the right to call any witnesses identified by Plaintiff, and reserves the right to amend the response below as discovery in the case progresses.

A.    **Alan Glenn**

Glenn is the Plaintiff and is expected to testify regarding the facts, allegations, and defenses set forth in the pleadings.

**B.    Paul Floriani**

Floriani was Plaintiff's supervisor and serves as Manager, Brokerage Services for Defendant. Floriani is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

**C.    Ned Godwin**

Godwin serves as Defendant's Vice President of Health & Wellness. Godwin is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

**D.    Katie Love**

Love serves as a Vice President, HR Business Partner for Defendant. Love is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

**E.    Bari Thomas**

Thomas serves as Defendant's Senior Director, Employee Relations Advice and Counsel. Thomas is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

**F.    Joslin Rainey**

Rainey serves as Director, Human Resources and Consulting Group for Defendant. Rainey is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

### G. Chad Gutierrez

Gutierrez serves as Vice President, HR Business for Defendant. Gutierrez is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

### H. Eric Porsch

Porsch serves as Senior Director, NCC for Defendant. Porsch is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

### I. Janet Smither

Smither serves as Vice President, Head of Employee Relations for Defendant. Smither is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

### J. Deborah Ford

Ford serves as Senior Director, Employee Relations with the Associate Experience & Solutions Team for Defendant. Ford is expected to testify regarding Plaintiff's requests for medical accommodation and exemption from Defendant's COVID-19 Vaccine Policy, as well as the facts, allegations, and defenses set forth in the pleadings.

3.    **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

At this time, Defendant has not identified an expert witness or the subject matter and field of any potential expertise likely to be offered by any potential expert witness. Defendant reserves the right to identify an expert within the time limitations ordered by the Court.

4.    **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Defendant has numerous defenses to Plaintiff's claims. As a general matter, Defendant contends that its employment practices are in accord with all state and federal laws, regulations, and constitutions. Without waiving or modifying the defenses as set forth in Defendant's Answer to Plaintiff's Amended Complaint, Defendant summarizes its defenses as follows, subject to supplementation during the course of discovery:

- Plaintiff's Amended Complaint fails to state facts sufficient to constitute any claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

- Plaintiff cannot establish a *prima facie* case of disability discrimination or retaliation under the ADA. *EEOC v. Womble Carlyle Sandridge & Ridge, LLP*, 616 Fed. Appx. 588, 595 (4th Cir. 2015); *Rhoads v. FDIC*, 257 F.3d 373, 392 (4th Cir. 2001); *Howell v. Holland*, No. 4:13-CV-00295-RBH, 2015 WL 751590, at *7 (D.S.C. Feb. 23, 2015).

- Plaintiff cannot establish a *prima facie* case of religious discrimination, failure to accommodate religious beliefs, or retaliation under Title VII. *Thompson v. Harvest Hope Food Bank*, No. CA 3:10-2003-MBS-PJG, 2012 WL 591672, at *5 (D.S.C. Jan. 17, 2012); *Abeles v. Metro. Washington Airports Auth.*, 676 F. App'x 170, 176 (4th Cir. 2017); *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 785 (4th Cir. 2021).

- Plaintiff cannot establish a *prima facie* case of age discrimination under the ADEA. *Witzke v. Pepsi Bottling Ventures, LLC*, 773 F. App'x 130, 132 (4th Cir. 2019).

- Plaintiff cannot establish a *prima facie* case of hostile work environment under Title VII, the ADA, or the ADEA. *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 785 (4th Cir. 2021); *Rose v. Sumter Cnty. Sch. Dist.*, No. 3:20-CV-1008-MGL-TER,

5

2021 WL 8014695, at \*5 (D.S.C. Dec. 22, 2021); *Dufau v. Price*, 703 F. App'x 164, 166 (4th Cir. 2017).

- Even if Plaintiff could somehow establish a *prima facie* case of discrimination or retaliation, which he cannot, Defendant has articulated legitimate, non-discriminatory and non-retaliatory reasons for all of its actions related to Plaintiff's employment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Additionally, Plaintiff cannot establish that these reasons are false or a mere pretext for discrimination. *Laber v. Harvey*, 438 F.3d 404, 430–31 (4th Cir. 2006).

- To the extent that the allegations in Plaintiff's Amended Complaint exceed the scope of the administrative charge he filed, those allegations and claims are barred. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002); *Evans v. Technologies & Serv. Co.*, 80 F.3d 954 (4th Cir. 1996); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995); 42 U.S.C. § 2000e-5(f)(1).

- Some or all of Plaintiff's allegations and claims are barred by the applicable statute of limitations to the extent that he has failed to timely file a charge of discrimination regarding the alleged actions in the Amended Complaint or failed to timely file this action within the requisite time period that is required under the Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1).

- Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted in good faith and in a lawful manner towards Plaintiff, with legitimate business reasons for the actions about which Plaintiff complains. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Defendant offers the above case citations for exemplary purposes only and reserves the right to rely on additional affirmative defenses, statutes and/or case law. Plaintiff was not subjected to a hostile work environment on the basis of any protected characteristic. Further, Plaintiff's employment was terminated for legitimate, non-discriminatory and non-retaliatory reasons. Specifically, Plaintiff's employment was terminated for reasons wholly unrelated to his age, any alleged disability, or any alleged religious belief.

**5.    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) Completion of discovery.**

The parties will make Rule 26(a)(2) disclosures, if any, and complete discovery in accordance with the deadlines set by the Court.

6.  **The parties shall inform the Court whether there are any special circumstances, which would affect the time frames applied in preparing the scheduling order. See generally Local Rule 16.02(C) (Content of Scheduling Order).**

    During their Rule 26(f) conference, the parties agreed to the deadlines contained in the

Conference and Scheduling Order issued by the Court.

7.  **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

    Defendant does not consent to trial before a United States Magistrate Judge.

<div style="margin-left:40%">

Respectfully submitted,

s/ Jennifer K. Dunlap
Jennifer K. Dunlap (Fed. ID: 10110)
Email: jkdunlap@bakerdonelson.com
Grant M. Wills (Fed. ID: 13086)
Email: gwills@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL, & BERKOWITZ, PC
40 Calhoun Street, Suite 200B
Charleston, SC 29401
Phone: (854) 214-5911

ATTORNEYS FOR DEFENDANT

</div>

August 15, 2023
Charleston, South Carolina